OPINION OF THE COURT
William M. Simon, J.
The defendant is charged by information with one count of *246 trespass in violation of section 140.05 of the Penal Law, in that he entered or remained unlawfully on lands owned and posted conspicuously by the New York State Department of Environmental Protection (NYSDEP). The matter was commenced in the Town of Lexington Court and thereafter transferred to the Town of Hunter Court on November 1, 2004 by order of the County Court Judge Daniel Lalor.
A nonjury trial was held on January 12, 2005 before this court; the testimony for the prosecution was as follows: Cheryl A. Gurken testified under oath that she is employed as a police officer, by the New York State Department of Environmental Preservation, and that New York State owns a parcel of land known as parcel 551 located in the Greene County Town of Lexington, State of New York, consisting of about 144 acres of land. On that parcel hunting and fishing are permitted with a permit issued by NYSDEP Two signs, about 8 inches by 8 inches, are located at the foot of Basil Road. Those signs say: “NO Trespassing except under permit.” Pictures introduced in evidence as exhibits 1 and 2 depict the signs. They show two small signs in a field.
On April 16, 2004 at about 3:15 p.m., Officer Gurken observed Morris Guller walking on the above-described parcel of land. Mr. Guller was observed walking on the land and he was not far from a residential building wherein it was believed Mr. Guller lived. All of this was in close proximity to the described signs.
Cross-examination revealed that the 144-acre parcel was irregular and Officer Gurken could offer no testimony with regard to the posting of the remainder of the property other than the two signs. Officer Gurken was not permitted to reveal the contents of any statements made by the defendant because objection was timely made to the failure to give a CPL 710.30 notice of statements (the Assistant District Attorney admitted that no such notice was served).
The prosecution rested; the defense rested.
The mixed question of law and fact that needs be decided as a case of first impression in New York State is what is the meaning in Penal Law § 140.00 (5) of the term “conspicuously posted” It is clear from the testimony at trial that there was no proof offered as to posting in accordance with Environmental Conservation Law § 11-2111. There is no question in this court’s mind that if such proof of posting had been forthcoming, compliance with such section would be prima facie evidence of “conspicuous posting.”
*247 The question of law to be answered first: is posting in accordance with Environmental Conservation Law § 11-2111 the only or exclusive method of posting required to gain a conviction under Penal Law § 140.05? The answer is no. Other methods of “conspicuous posting” would be acceptable; however, with respect to a 144-acre parcel of land, the burden is on the People to establish either (a) that the accused was actually aware of the restrictions on trespassing, or (b) that the entire 144-acre parcel was conspicuously posted with a sufficient number of signs, spaced in such fashion in a way that would give notice to all persons entering the property from any side in any location that the trespassing is prohibited.
In this case proof of the location of two small signs on a 144-acre parcel, without any proof of actual knowledge on the part of the defendant, fails to satisfy the People’s burden of proof beyond a reasonable doubt.
The defendant is found not guilty of the charge of trespass in violation of section 140.05 of the Penal Law.